IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALBERT RODRIGUEZ, 590263, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>KERRI S. HOCKINGS and JOSEPH WRIGHT, )<br>Defendants. ) | No. 3:08-CV-1403-K<br>ECF |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Nature of the Case:**

Plaintiff brings this complaint pursuant to 42 U.S.C. § 1983. His proceeding pro se and the Court has granted him leave to proceed *in forma pauperis*. He was confined in the Sanders Estes Unit of the Texas Department of Criminal Justice at the time he filed this complaint. Defendants are Nurse Kerri Hockings and Fire and Safety Manger Joseph Wright.

**II. Statement of the Case:**

Plaintiff states that on May 11, 2008, he was handling chemicals when some of the chemicals spilled into his eyes. He states Defendant Wright wrongfully told him that the chemicals were harmless when diluted. He states that he requested medical care on May 14,

**Findings and Conclusions of the**
**United States Magistrate Judge**        Page -1-

2008. On that date he was prescribed eye wash for both eyes, and ten days of eye drops. He states Defendant Hocking did not give him the eye drops until May 20, 2008, because she did not have time. Plaintiff, however, also submits the TDCJ grievance response stating that Defendant Hocking did not administer the drops until May 20, 2008, because she asked the health provider to clarify the order and it was not clarified until May 20, 2008.

## III. Preliminary Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court finds Plaintiff's claims should be dismissed as frivolous.

## IV. Discussion

For an inmate to establish a § 1983 claim of deliberate indifference to a serious medical need, he must allege a deprivation of medical care sufficiently serious to show that the state has abdicated a constitutionally-required responsibility to attend to his medical needs, and that the

prison officials knew of and disregarded an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). The deliberate indifference must rise to a level of unnecessary and wanton infliction of pain proscribed by the Eight Amendment. *Id*. at 835-47. Negligence, unsuccessful medical treatment, or medical malpractice does not give rise to a § 1983 cause of action, and an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999); *see also Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (finding disagreement as to the correct medical treatment does not constitute an actionable civil rights claim).

      Plaintiff's claims in this case do not rise to the level of a constitutional violation. Plaintiff states he was examined for his injury, and that he was prescribed eye wash and eye drops. Although he was delayed six days in receiving the eye drops, delay in providing medical care does not give rise to a constitutional violation unless the deliberate indifference of medical staff results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Plaintiff has failed to establish that the six day delay resulted in substantial harm. *King v. Kilgore*, 98 F.3d 1338, 1338, 1996 WL 556845 (5th Cir. 1996) (unpublished) (stating that delay in medical care causing pain and discomfort was insufficient to establish substantial harm); *Hill v. Bowles*, No. 3:02-CV-2527-P, 2003 WL 21448045 (N.D. Tex. June 18, 2003) (magistrate judge's findings adopted July 31, 2003) (finding delay in medical care causing migraine headaches insufficient to establish substantial harm). Plaintiff's complaint should be dismissed.

**RECOMMENDATION**

The Court recommends that Plaintiff's claims pursuant to 42 U.S.C. § 1983 be dismissed with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Signed this 25th day of February, 2009.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).